Citation Nr: 1513861 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 12-07 976 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for a left foot disability.


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Ashley Martin, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from June 2002 to November 2002 and February 2005 to May 2006.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a December 2008 rating decision of the Department of Veterans Affairs Regional Office in St. Petersburg, Florida. The RO in Atlanta, Georgia now has jurisdiction of this claim.

The Veteran testified via a videoconference hearing before the undersigned Veterans Law Judge in April 2014 and at a hearing before a Decision Review Officer in September 2011. The transcripts from both hearings have been associated with the Veteran's claims file.

The Board remanded this matter in October 2014 for additional development. As discussed further below, the Board's directives have not been substantially completed. Stegall v. West, 11 Vet. App. 268 (1998).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In the Board's prior remand, the VA examiner was instructed to address the etiology of the Veteran's foot disability, including his bilateral plantar fasciitis, bilateral mild hammer toe deformity, hyperkeratosis, fusion and fractures. In providing this opinion, the examiner was asked to specifically state whether he or she believes that any of these diagnoses are unwarranted, and explain the basis for such a conclusion. A medical opinion was obtained in November 2014. The examiner did not provide an opinion on the etiology of these conditions or indicate that any of these diagnoses are unwarranted as requested by the remand directives. Rather, the examiner merely stated that the Veteran has webbing, which is congenital, and therefore not caused by any military trauma. Remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with the Board's remand order. Stegall v. West, 11 Vet. App. 268, 270-71 (1998). In accordance with Stegall, remand for full compliance with the Board's prior remand is warranted.

Accordingly, the case is REMANDED for the following actions:

1. Return the Veteran's claims file to the examiner who provided the medical opinion in October 2014, or to a qualified medical professional if the examiner is unavailable. If the examiner determines that an examination is necessary, one should be scheduled. 

The entire claims file and all pertinent records must be reviewed by the examiner. 

After reviewing the record, the examiner should address whether it is at least as likely as not (a 50 percent probability or greater), that any foot disability, including bilateral plantar fasciitis, bilateral mild hammer toe deformity, hyperkeratosis, fusion or fractures, is etiologically related to any in-service disease, injury, or event. If the examiner believes that any of these diagnoses is not warranted, this should be specifically stated and the examiner should explain the basis for such a conclusion. 

A complete rationale should be provided for all opinions. If the examiner concludes that the requested opinion cannot be provided without resort to speculation, the examiner should so state and explain why this opinion would be speculative and what, if any, additional evidence would permit such an opinion to be made.

2. Thereafter, readjudicate the claim on appeal in light of all the evidence of record. If any benefit sought on appeal remains denied, the Veteran and his representative should be provided a supplemental statement of the case (SSOC), and given an opportunity to respond, before the case is returned to the Board.

The Appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).